**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEE VERNON WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1589 DDN |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. It is apparent from the face of the petition that Petitioner is not entitled to relief, and therefore, the Court will dismiss this action under 28 U.S.C. § 2254 Rule 4.

Petitioner challenges a 1968 criminal conviction from the City of St. Louis Circuit Court and a parole decision of an unknown date. Petitioner pled guilty to first degree murder, arson, and burglary, and he was sentenced to life imprisonment. Petitioner's habeas history in this Court is unclear. In 1999, Petitioner brought a habeas action that was transferred to the Eighth Circuit Court of Appeals as successive. See Warren v. Circuit Court, 4:99CV695 FRB (E.D. Mo.). However, that case file is not available on CM/ECF, and the file from archives is incomplete. In 2011, Petitioner brought a habeas action challenging a decision of the Missouri Board of Probation and Parole, which the Court

dismissed for failure to exhaust state remedies. See Warren v Norman, 4:11CV1028 TCM (E.D. Mo.).

In the instant petition, Petitioner raises four grounds for relief: (1) his guilty plea was unknowing and involuntary because he thought at the time that he was pleading guilty to a sentence subject to parole, whereas he has "discovered recently" that his sentence has no end to it; (2) the Board of Probation and Parole (the "Board") unconstitutionally denied him parole because it stated as its reason for doing so, "D[ue] to the seriousness of [the] offense, release at this time would be an insult upon society"; (3) trial counsel was ineffective; and (4) his guilty plea was involuntary because the prosecutor told him that he would be subject to the death penalty if he went to trial.

In grounds one, three, and four, Petitioner challenges his 1968 conviction. These grounds are most likely successive, although the Court's records are incomplete on this matter. Even if these grounds are not successive, however, they are barred by the limitations period in 28 U.S.C. § 2244(d). See Warren v. State, 572 S.W.2d 874 (Mo. Ct. App. 1978) (denying Petitioner's third motion for postconviction relief); Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000) (prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, to file a federal habeas corpus action).

In ground two, Petitioner seeks to challenge the discretionary decision of the Board to deny him parole based on the seriousness of the offense. First, neither the Eighth Circuit Court of Appeals nor the Supreme Court of the United States has ever found that the Board's

stated reason for denying parole is repugnant to the Constitution.  Therefore, the Board's decision was not contrary to or an unreasonable application of federal law, and Petitioner is not entitled to habeas relief.  See 28 U.S.C. § 2254(d).  Second, Petitioner has not shown that he has exhausted his available state remedies before bringing this claim.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973) (exhaustion is mandatory "[i]n the absence of exceptional circumstances."); Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996) (to properly exhaust available state remedies before bringing a federal petition for habeas corpus, a petitioner must have either brought a declaratory action against the Board, filed a state petition for habeas corpus, or filed a petition for writ of mandamus in state court.).

For these reasons, Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a Certificate of Appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 3rd day of October, 2012.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE